# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 26-1194 PA (BFMx) | Date | February 11, 2026 |
|---|---|---|---|
| Title | Gabriel Paul Eisner v. Kristi Lynn Arnold Noem | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

    Before the Court is an "Emergency Ex Parte Application for Temporary Restraining Order ("TRO Application") filed by plaintiff Gabriel Paul Eisner ("Plaintiff"). (Docket No 7.) Plaintiff, a United States citizen, is married to Daniel Simhaev, a citizen of Israel who is currently in the custody of the Department of Homeland Security/United States Immigration and Customs Enforcement ("DHS/ICE") following his arrest on January 29, 2026 at the United States Customs and Immigration Services ("USCIS") Los Angeles Field Office ("LA Field Office").

    According to the TRO Application and Complaint, Plaintiff and Mr. Simhaev have been married for 7 years, and have been in a romantic relationship since 2019. Plaintiff filed an I-130 Petition (("Petition"), the precursor for obtaining lawful permanent residence for a spouse of a US citizen, in January 2020. The couple had an interview before an Immigration Services Officer ("ISO") on July 11, 2023, and although the ISO said that he was satisfied with the "bona fides"of their marital relationship, he continued the case to "review the file." In February 2025, DHS conducted a fraud investigation into the bona fides of the relationship, and issued a Notice of Intent to Deny ("NOID") in October 2025, stating that Plaintiff had not submitted sufficient evidence of the relationship. Plaintiff responded to the NOID with a legal brief and a significant amount of additional evidence documenting the bona fides of his relationship with Mr. Simhaev.

    In December 2025, Plaintiff and his husband received a notice calling them into the LA Field Office on January 7, 2026 for a second interview. After they arrived they waited for hours, and were eventually told that the ISO was unable to locate Mr Simhaev's file. On January 8, 2026, they received a second notice to appear at the LA Field Office on January 29, 2026, and Mr. Simhaev was arrested at that time. The Petition was also denied on January 29, 2026.

    This this case challenges the denial under the Administration Procedures Act ("APA") as arbitrary and capricious or not in accordance with the law. Specifically, the Complaint alleges that DHS completely ignored all of the evidence they submitted as to the bona fides of the marriage. Plaintiff argues that the Decision Notice issued on January 29, 2026 discussing the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-1194 PA (BFMx) | Date | February 11, 2026 |
|---|---|---|---|
| Title | Gabriel Paul Eisner v. Kristi Lynn Arnold Noem | | |

sufficiency of the evidentiary record was limited to the record as it existed before Plaintiff submitted his response to the October 2025 NOID (consisting of 800 pages), and the December 2025 Request for Evidence ("RFE") (consisting of 925 pages).[1]

Mr. Simhaev has been in ICE custody since his arrest, and was recently informed of plans to secure travel documents and deport him to Israel. Plaintiff's TRO Application seeks an Order prohibiting defendant Kristi Noem in her official capacity as Secretary of Homeland Security ("Defendant") from deporting Mr. Simahev during the pendency of this litigation challenging the decision to deny Plaintiff's Petition under the APA.

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, 555 U.S. 7, 20, 129 S. Ct. 365 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." Id. at 24.

In order to seek relief on an ex parte basis, the moving party is required "(a) to make reasonable, good faith efforts orally to advise counsel of all other parties, if known, of the date and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application." L.R. 7-19.1. Where the adverse party has not received notice of the motion, the Court may issue a temporary restraining order "only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1); see also L.R. 7-19.2 (allowing for waiver of the notice requirements under L.R. 7-19.1 for a TRO where the requisite showing under Fed. R. Civ. P. 65(b) has been made).

A moving party faces an exceedingly high burden when seeking relief on an ex parte basis. See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995)

---

[1]   The RFE was issued on December 22, 2025, and Plaintiff and Mr. Simhaev brought the response to that RFE when they appeared at the LA Field Office for the first interview on January 7, 2026.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-1194 PA (BFMx) | | Date | February 11, 2026 |
|---|---|---|---|---|
| Title | Gabriel Paul Eisner v. Kristi Lynn Arnold Noem | | | |

(to justify ex parte relief, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"). Indeed, the Ninth Circuit has stressed that "courts have recognized very few circumstances justifying the issuance of an ex parte TRO." Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006). To justify the issuance of a temporary restraining order without notice, a party ordinarily "'must do more than assert that the adverse party would dispose of evidence if given notice'" and "'must show that defendants would have disregarded a direct court order . . . within the time it would take for a hearing . . . [and] must support such assertions by showing that the adverse party has a history of disposing of evidence or violating court orders . . . .'" Id. (quoting First Tech. Safety Sys., Inc. v. Depinet, 11 F.3d 641, 650-51 (6th Cir. 1993)).

Here, Plaintiff asserts that Defendant was notified of the TRO Application and its contents. (See TRO App. at p. 2.) According to the Application, he notified Defendant by providing a copy of this Application and by calling and leaving a message for the Office of the General Counsel for DHS, and also by emailing Assistant United States Attorney Daniel Beck, Chief of the Complex and Defensive Litigation Section for the Central District of California. (Id.) Thus, it appears that Plaintiff made only one attempt to advise the general counsel for DHS in Washington DC, and left a voicemail. There was no attempt to orally advise counsel here in Los Angeles. Moreover, Plaintiff fails to advise the Court in writing whether Defendant's counsel intends to oppose the TRO Application. As a result, Plaintiff has failed to comply with the notice requirements under Local Rule 7-19.1. Further, because Plaintiff has not attempted to satisfy the requirements for ex parte relief without notice under Federal Rule of Civil Procedure 65(b), the Court concludes that waiver of the notice requirements is not appropriate in this case.

In light of the failure to comply with Rule 7-19's notice requirements, the Court concludes that Plaintiff has not shown that he "should be allowed to go to the head of the line in front of all other litigants and receive special treatment," Mission Power Eng'g, 883 F. Supp. at 492, and thus fails to establish his entitlement to issuance of a temporary restraining order. Accordingly, the Court denies Plaintiff's TRO Application without prejudice.

IT IS SO ORDERED.